1  ELLEN M. BRONCHETTI (SBN 226975)
   EBronchetti@mwe.com
2  MCDERMOTT WILL & EMERY LLP
   415 Mission Street, Suite 5600
3  San Francisco, CA 94105-2616
   Telephone:    (628) 218-3808
4  Facsimile:    (628) 225-3012

5  J. CHRISTIAN NEMETH (SBN 222271)
   JCNemeth@mwe.com
6  MCDERMOTT WILL & EMERY LLP
   444 West Lake Street, Suite 4000
7  Chicago, IL 60606-0029
   Telephone:    (312) 984 3292
8  Facsimile:    (312) 984 7700

9  Attorney for Defendants
   BEI HOTEL & DAVIDSON
10 HOSPITALITY GROUP

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14 | BENNY WONG, an individual; STEVEN | Case No.
15 | BUI, an individual; MARK WOOD, an
   | individual; ANA HENRY, an individual;
16 | LIVIA TSO, an individual; ARJUMAN | **DEFENDANTS' NOTICE OF REMOVAL**
   | QADRI, an individual; YOLANDA GARCIA, | **TO FEDERAL COURT**
17 | an individual; SANDRA REYES, an
   | individual; EDITHA YABUT, an individual;
18 | GAYLE GELMAN, an individual; JEROME | [San Francisco County Superior Court for the
19 | ECAL, an individual; JACOB | State of California, Case No. CGC-21-592824]
   | GREATHOUSE, an individual; NATASHA
20 | BOGARD LAUPATI, an individual;
   | DEEPAK MALI, an individual; RAICHEL
21 | JESI LOORTHAIYA, an individual,

22              Plaintiffs,
23        v.

24 BEI HOTEL, a California business;
   DAVIDSON HOSPITALITY GROUP,
25 A/K/A DAVIDSON HOTEL COMPANY, a
   limited liability company, and DOES 1
26 through 100, inclusive,

27              Defendants.

28

                            -1-        DEFENDANTS' NOTICE OF REMOVAL
                                       TO FEDERAL COURT

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants BEI Hotel[1] and Davidson Hospitality Group ("Davidson") (collectively, "Defendants") hereby remove the matter of *Benny Wong, et al. v. BEI Hotel, et al.*, pending in San Francisco County Superior Court for the State of California, Case No. CGC-21-592824, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1441(a). This Court's original jurisdiction over this action is based upon the existence of a federal question pursuant to 28 U.S.C. § 1331.  Plaintiffs bring claims that are completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA) and by the Labor Management Relations Act (LMRA), conferring this Court with subject matter jurisdiction.

In support of this removal, Defendants state the following:

## I.   PLEADINGS TO DATE AND TIMELY REMOVAL OF THE COMPLAINT

1.      On June 14, 2021, Plaintiffs Benny Wong, Steven Bui, Mark Wood, Ana Henry, Livia Tso, Arjuman Qadri, Yolanda Garcia, Sandra Reyes, Editha Yabut, Gayle Gelman, Jerome Ecal, Jacob Greathouse, Natasha Bogard Laupati, Deepak Mali, and Raichel Jesi Loorthaiya (collectively "Plaintiffs"), filed a complaint ("Complaint") against Defendants in the San Francisco County Superior Court for the State of California ("State Court").  *See* Exhibit A to the Declaration of Ellen M. Bronchetti in Support of Notice of Removal ("Bronchetti Decl."), p. 1 of Complaint.

2.      On July 14, 2021, Plaintiffs served Defendant BEI Hotel with the Summons and Complaint. Attached as **Exhibit A** to the Bronchetti Decl. are true and correct copies of the

---

[1]  Com Howard I LLC owns the BEI Hotel, and Davidson operates the BEI Hotel and employs its staff.  There is no such legal entity as "BEI Hotel."  For purposes of this Notice of Removal, Com Howard I LLC and Defendant Davidson will file the Notice as "BEI Hotel" and "Davidson Hospitality Group," because those are the current Defendants to this lawsuit.  By filing this Notice of Removal, Com Howard I LLC and Davidson do not waive any arguments that they are not proper Defendants to the claims in this lawsuit.

1  Summons and Complaint, comprising all documents that were filed or served in this case in State
2  Court.  Bronchetti Decl. Ex. A.

3        3.      Plaintiffs have not yet served Defendant Davidson with the Summons and
4  Complaint.

5        4.      Plaintiffs' Complaint alleges 9 claims against Defendants: (1)
6  Embezzlement/Misappropriation of Funds; (2) Negligence; (3) Negligent Misrepresentation; (4)
7  Intentional Misrepresentation; (5) Breach of Fiduciary Duty; (6) Violation of California Labor
8  Code §§ 227, 227.5; (7) Violations of Business and Professions Code § 17200; (8) Conversion;
9  and (9) Constructive Trust.

10       5.      The Complaint does not expressly enumerate any claim under federal law, but
11 Plaintiffs allege that they were entitled to receive benefits under the Western Conference of
12 Teamsters Pension Trust Fund (the "Pension Fund"), an "employee benefit plan as defined by
13 the Employment [sic] Retirement Income Security Act" and that Defendants failed to pay those
14 benefits.  *See* Complaint ("Compl.") ¶¶ 26, 41.

15       6.      This action is currently pending in San Francisco County Superior Court for the
16 State of California. Therefore, venue in this District Court is proper pursuant to 28 U.S.C. §
17 84(a), 28 U.S.C. § 1391, and LR 3-2(d).

18       7.      Defendant BEI Hotel was served with the Complaint and Summons on July 14,
19 2021. This Notice of Removal is timely filed in that it has been filed thirty (30) says after service
20 of the Summons and Complaint on BEI Hotel, as required by 28 U.S.C. § 1446(b).  *See Murphy*
21 *Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that "a named
22 defendant's time to remove is triggered by simultaneous service of the summons and
23 complaint").

24 **II.     SUBJECT MATTER JURISDICTION – FEDERAL QUESTION**

25       8.      This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be
26 removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action that presents
27 a federal question.  Plaintiff's claims are completely preempted by ERISA or the LMRA,
28 conferring this Court with subject matter jurisdiction.  To the extent some of Plaintiff's claims

1  are not preempted by ERISA or the LMRA and therefore do not raise federal questions, those

2  claims are removable under 28 U.S.C. § 1441(c) pursuant to this Court's supplemental

3  jurisdiction.

4          **a.  This Court Has Original Jurisdiction Under ERISA**

5          9.      Plaintiffs allege that Defendants failed to "make contributions" to the Pension

6  Fund and "distribute" those contributions into Plaintiffs' "individual pension accounts" as

7  required by the terms of a collective bargaining agreement (CBA) between Defendant BEI Hotel

8  and Plaintiffs.  Compl. ¶¶ 26-27.  As a result of this failure, Plaintiffs allege that Defendants are

9  liable for embezzlement (Count I); negligence (Count II); negligent misrepresentation (Count

10  III); fraudulent misrepresentation (Count IV); breach of fiduciary duty (Count V); violations of

11  California Labor Code §§ 227, 227.5 (Count VI); violations of California Business and

12  Professions Code § 17200 (Count VII); conversion (Count VIII); and a constructive trust (Count

13  IX).

14          10.     Plaintiffs' claims could have been brought under the "exclusive remedial scheme"

15  found in ERISA § 502(a) and there is no "other independent legal duty" implicated by

16  Defendants' alleged actions.  *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004); *Fossen v.*

17  *Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011).  Therefore,

18  ERISA completely preempts Plaintiffs' claims and this Court has subject matter jurisdiction over

19  those claims.  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th

20  Cir.2009) (preemption under ERISA § 502(a) also confers federal subject matter jurisdiction for

21  claims that nominally arise under state law).

22          11.     Ordinarily, determining whether a case arises under federal law and vests the

23  court with jurisdiction pursuant to 28 U.S.C. § 1331 turns on the " 'well-pleaded complaint' "

24  rule. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463

25  U.S. 1, 9–10 (1983). Whether the case presents a federal question "must be determined from

26  what necessarily appears in the plaintiff's statement of his own claim" and must not depend on

27  the anticipation of "defenses which it is thought the defendant may interpose."  *Davila,* 542 U.S.

28  at 207 (citing *Taylor v. Anderson,* 234 U.S. 74, 75–76 (1914)).

12.     However, "when a federal statute wholly displaces the state law cause of action through complete pre-emption," the court is vested with subject matter jurisdiction and the state claim can be removed. *Id.* (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). This is so because a claim that is completely preempted by federal law "is in reality based on federal law," even if "pleaded in terms of state law." *Id.*

13.     ERISA is one of these statutes.  ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." *Id.* at 208 (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) (internal quotation marks omitted)). This "integrated enforcement mechanism," ERISA § 502(a), 29 U.S.C. § 1132(a), includes private rights of action and enforcement actions that can be brought by the United States Department of Labor and is "a distinctive feature of ERISA" that is "essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *Id.*

14.     ERISA § 502(a) has "extraordinary preemptive power" that "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 207-08 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987). Therefore, "causes of action within the scope of the civil enforcement provisions of § 502(a)" are completely preempted and "[are] removable to federal court." *Id.*

15.     A state law claim is completely preempted by ERISA § 502(a) if (1) "an individual, at some point in time, could have brought the claim under ERISA § 502(a)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Marin Gen.*, 581 F.3d at 946 (citing *Davila*, 542 U.S. at 210).

16.     ERISA § 502(a)(1)(B) includes a cause of action by which a "participant or beneficiary" may file suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  In other words, if a participant or beneficiary of an ERISA benefit plan believes that "benefits promised to him…are not provided," this "straightforward" cause of action permits the participant to sue under ERISA to recover those benefits. *Davila*, 542 U.S. at 210.

17.     Plaintiffs could have brought this lawsuit under ERISA § 502(a)(1)(B).  They allege they are participants in the Pension Fund, a pension plan governed by ERISA.  Compl. ¶¶ 26, 41.  They allege Defendants failed to provide benefits due to them under the terms of the Pension Fund, as stated in the CBA, by failing to making contributions as required.  Compl. ¶¶ 26-27. As such, Plaintiffs could have brought suit under ERISA § 502(a)(1)(B) to recover the benefits they believe they are entitled to.

18.     Additionally, even though Plaintiffs bring their lawsuit under a variety of state law causes of action, none of those causes of action confer "an independent legal duty" on Defendants that is separate and distinct from their legal duty to provide pension benefits under the terms of the Pension Fund via the CBA.

19.     As an initial matter, to determine whether there is an independent legal duty on Defendants, this Court should not focus on the particular labels a plaintiff uses in his or her Complaint.  *Davila*, 542 U.S. at 214-15.  Indeed, a plaintiff cannot "obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001). Even though Plaintiffs have not specifically pleaded an ERISA claim, their characterization of their claims has no bearing on whether Defendants actually owed them an independent legal duty separate from those under ERISA.

20.     Moreover, liability for the state law causes of action "would exist only because of" Defendants' contributions to an ERISA-regulated benefit plan.  *Id*. As such, Defendants' alleged liability for these state law causes of action "derives entirely from the particular rights and obligations established by" the Pension Fund via the CBA, and Plaintiffs have failed to allege Defendants owed them any other independent legal duty.  *Id*.  Specifically, each of Plaintiffs' claims hinges entirely on plan rights (as established by the CBA) as specifically set forth in subparagraphs (a) through (i) below:

(a)     For Plaintiffs' embezzlement claim brought in Count I, Plaintiffs allege that Defendants' alleged failure to make contributions "was carried out as part of a deliberate and systematic scheme of wrongful misappropriation…of [Plaintiffs'] pension fund contributions."

Compl. ¶ 48. Liability for Count I therefore hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA.

(b)     For Plaintiffs' negligence claim brought in Count II, Plaintiffs allege that Defendants owed them a duty to "distribute contributions from the Pension Fund to [Plaintiffs'] Pension Account" and that Defendants did not provide reasonable care to Plaintiffs when they failed to act consistent with that duty.  Compl. ¶¶ 52-54.  Liability for Count II therefore hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA.

(c)     For Plaintiffs' negligent misrepresentation claim brought in Count III, Plaintiffs allege that Defendants made misrepresentations in order to "induce [Plaintiffs] to think that their pension contributions were not being misdirected and were managed properly." Compl. ¶¶ 58.  As damages, Plaintiffs allege they were "deprived of contributions to their Pension Accounts as required by the Pension Fund."  Compl. ¶ 62.  In other words, they seek the payment of their benefits.  Liability for Count III therefore hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA or whether they "misdirected" those payments and made Plaintiffs believe otherwise.

(d)     For Plaintiffs' intentional misrepresentation claim brought in Count IV, Plaintiffs allege that Defendants made "false" and "fraudulent" statements for the purpose of "converting, misappropriating, and taking control of the pension contributions" they were required to make to the Pension Fund.  Compl. ¶¶ 64, 69.  As damages, Plaintiffs allege that "Defendants have still not contributed [Plaintiffs'] pension funds into their respective Pension Accounts," and seek the amount of those contributions.  Compl. ¶ 73.  In other words, they seek the payment of their benefits.  Liability for Count IV therefore hinges entirely on whether

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT

Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA or whether Defendants "converted, misappropriated, or took control" those payments.

        (e)     For Plaintiffs' breach of fiduciary duty claim brought in Count V, Plaintiffs allege that Defendants "are in a fiduciary relationship with [Plaintiffs] because Defendants' role it to administer and allocated the specified funds" for Pension Fund contributions into Plaintiffs' "respective Pension Accounts."  Compl. ¶ 76.  Plaintiffs allege Defendants breached this fiduciary obligation when they failed to make the contributions as required. Liability for Count V therefore hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA.[2]

        (f)     For Plaintiffs' claim based on violations of California Labor Code §§ 227, 227.5, brought in Count VI, Plaintiffs allege that Defendants "were responsible for making payments to the Pension Fund pursuant to the terms of the CBA" and violated the California Labor Code when they "willfully failed to make the requisite pension payments." Compl. ¶¶ 86-87, 89.  Liability for Count VI hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA.

        (g)     For Plaintiffs' claim based on violations of the California Business and Professions Code § 17200, brought in Count VII, Plaintiffs allege that Defendants engaged in unfair business practices by "requiring its employees to perform labor services without

---

[2]  To the extent that Plaintiffs' claim in Count V is properly characterized as a claim for breach of the fiduciary duties set forth in ERISA, which could be brought under ERISA § 502(a)(3) instead of ERISA § 502(a)(1)(B), *see CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011) (describing differences between claims for benefits under ERISA § 502(a)(1)(B) and claims for "appropriate equitable relief," including claims involving breach of fiduciary duties, under ERISA § 502(a)(3)), that claim is also preempted.  *See*, e.g., *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 121 F. Supp. 3d 950, 967 (C.D. Cal. 2015) (analyzing complete preemption under ERISA § 502(a)(3)).

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT

distributing their pension fund benefits."  Compl. ¶ 98.  Liability for Count VII hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA.  If Defendants made contributions as required, there will be no unfair business practice as Plaintiffs allege.

(h)     For Plaintiffs' conversion claim brought in Count VIII, Plaintiffs allege that they are the "rightful owners of all value and equity in their Pension Fund" contributions, but that Defendants carried out a "deliberate and systematic scheme of wrongful misappropriation and conversion of [Plaintiffs'] pension fund contributions" when they failed to pay them.  Liability for Count VIII therefore hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA.

(i)     For Plaintiffs' constructive trust claim brought in Count IX, Plaintiffs allege that "Defendants continue to hold their pension fund contributions improperly" and request that "a constructive trust be imposed on the outstanding pension fund contributions owed."  Compl. ¶ 107.  In other words, they seek the payment of their benefits.  Liability for Count IX therefore hinges entirely on whether Defendants made contributions as required under the terms of the ERISA-based Pension Fund via the CBA or whether Defendants "continue to improperly withhold them."

21.     It is clear that Plaintiffs complain "only about denials of coverage promised under the terms of [an] ERISA-regulated employee benefit plan." *Davila*, 542 U.S. at 213. They bring suit "only to rectify" that "wrongful denial of coverage" and do not attempt to remedy "any violation of a legal duty independent of ERISA." *Id*.  Their state law causes of action therefore fall "within the scope of" ERISA § 502(a)(1)(B), are completely preempted by ERISA § 502(a), and are removable to federal court. *Id*.

**b.  This Court Has Original Jurisdiction Under the LMRA**

22.     In addition to ERISA, this case is removable based on the LMRA as well. Plaintiffs allege that Defendants failed to "make contributions" to the Pension Fund and "distribute" those contributions into Plaintiffs' "individual pension accounts" as required by the terms of the CBA between Defendant BEI Hotel and Plaintiffs.  Compl. ¶¶ 26-27.  As a result of this failure, Plaintiffs allege that Defendants are liable for embezzlement (Count I); negligence (Count II); negligent misrepresentation (Count III); fraudulent misrepresentation (Count IV); breach of fiduciary duty (Count V); violations of California Labor Code §§ 227, 227.5 (Count VI); violations of California Business and Professions Code § 17200 (Count VII); conversion (Count VIII); and a constructive trust (Count IX).

23.     Plaintiffs' claims require the interpretation of a collective bargaining agreement and are therefore preempted by § 301 of the LMRA.  *See Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405-406 (1988) ("if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted").

24.     Under § 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern Calif. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

25.     Section 301 of the LMRA provides a basis for federal jurisdiction, and authorizes federal courts to develop a federal common law of CBA interpretation.  *Lingle*, 486 U.S. at 411. To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Lucas Flour Co.*, 369 U.S. at 103-04; *Lingle*, 486 U.S. at 411.

26.     Section 301 preempts California state law claims that are substantially dependent upon interpretation of a CBA.  *Firestone*, 219 F.3d at 1066-67 (claim preempted by § 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims).  Plaintiffs do not specifically refer to § 301 or bring a claim under § 301, but that does not preclude removal.

DEFENDANTS' NOTICE OF REMOVAL
                                                      TO FEDERAL COURT

When completely preempted by § 301, state law claims that are properly "re-characterized" as federal claims due to complete preemption are "convert[ed]" into federal claims "for purposes of the well-pleaded complaint rule" and are removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

27. As discussed in Paragraphs 20(a) through (i) *supra*, this Court will necessarily need to interpret the relevant provisions of the CBA—specifically those sections setting forth Defendants' obligations regarding contributions to the Pension Fund—in order to resolve Plaintiffs' state law claims. None of Plaintiffs' claims can be adjudicated without interpretation of these CBA provisions.

28. Accordingly, Plaintiffs' claims are substantially dependent upon the interpretation of the relevant CBA terms and provisions. In fact, the terms and provisions regarding Defendants' alleged obligations to contribute to the Pension Fund govern nearly all of the conduct which form the basis for Plaintiffs' Complaint and thus are essential to the resolution of their claims. As such, all of Plaintiffs' claims arise under § 301 of the LMRA, are therefore preempted by federal law, and are removable to this Court.

### c. To the Extent Any State Law Claims Are Not Preempted, This Court Can Exercise its Supplemental Jurisdiction

29. To the extent certain of Plaintiffs' claims do not raise federal questions because they are not completely preempted by ERISA or § 301 of the LMRA, these claims are nevertheless removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367. These supplemental claims (if any) relate to and emanate from the same employment relationship between Plaintiffs and Defendants and subsequent alleged failure to pay benefits that is the subject of the federal question claims.

30. This Court has jurisdiction over such state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a). They are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution, and they are substantially related to and rise out of the same nucleus of operative facts as Plaintiffs' claims arising under ERISA or the LMRA such as they should be tried in one action. *See Nishimoto v.*

*Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990); *see also Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1113 (9th Cir. 2011) (noting that district court was correct to exercise supplemental jurisdiction over state law claims that were not preempted by ERISA because they were "so related to the claims in the action with original jurisdiction that they form part of the same case or controversy").

31.    Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint as well.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

## III.   JOINDER AND CONSENT

32.    Defendant Davidson has not yet been served with a Summons or the Complaint, but nevertheless consents to this removal action.[3]  Plaintiffs also bring suit against "Does 1-through 100."  Compl. ¶ 19.  Defendants are not aware of any of the Doe defendants having been identified and served with a Summons and the Complaint.  The requirements of 28 U.S.C. § 1446(b)(2)(A) are therefore met.

## IV.   NOTICE OF REMOVAL

33.    In accordance with 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiffs, and Defendants will file a Notice of Filing of Notice of Removal contemporaneously with the Clerk of the State Court.

34.    In accordance with 28 U.S.C. § 1446(a), Defendants have attached as Exhibit A true and correct copies of all "process, pleadings, and orders" from the State Court action served on Defendants, including the Complaint and Summons.

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

---

[3]  By consenting to removal, BEI Hotel and Davidson do not waive their rights to later contest that service was proper.  Defendants expressly reserve all rights to challenge the propriety of service on a Rule 12 motion or in any other motions or filings in which propriety of service is relevant.

DEFENDANTS' NOTICE OF REMOVAL
                                                          TO FEDERAL COURT

1

2 Dated: August 13, 2021                    MCDERMOTT WILL & EMERY LLP

3                                  By:   /s/ *Ellen M. Bronchetti*

4                                        ELLEN M. BRONCHETTI
                                         J. CHRISTIAN NEMETH
5                                        Attorney for Defendants
                                         BEI HOTEL & DAVIDSON
6                                        HOSPITALITY GROUP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL
                                                TO FEDERAL COURT

1

**PROOF OF SERVICE**

2

I, Karen D. Davis, declare:

3

I am a citizen of the United States and employed in San Francisco County, California.  I

4

am over the age of eighteen years and not a party to the within-entitled action.  My business

5

address is 415 Mission Street, Suite 5600, San Francisco, California 94105.  On August 13,

6

2021, I served a copy of the within document(s):

7

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

8

9

10

11

12

     Marcy Y. Lazo
     K&L LAW GROUP, P.C.
     2616 Dupont Drive, Suite 60340
     Irvine, California 92612
     Tel:  949-216-4000
     Fax:  800-596-0370

13

14

I am readily familiar with the firm's practice of collection and processing correspondence

15

via Federal Express delivery.  Under that practice it would be deposited with the Federal Express

16

Delivery Service on that same day with delivery fee thereon fully prepaid in the ordinary course

17

of business.

18

I declare that I am employed in the office of a member of the bar of this court at whose

19

direction the service was made.

20

Executed on August 13, 2021, at San Francisco, California.

21

22

23

_____
Karen D. Davis

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT