# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BEI HOTEL, a California business          (see Additional Parties Attachment form)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BENNY WONG, an individual          (see Additional Parties Attachment Form)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* SAN FRANCISCO SUPERIOR COURT 400 McAllister Street San Francisco, CA 94102 | CGC-21-592824 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc Lazo, K&L Law Group, P.C. - 2646 Dupont Drive, Suite 60340, Irvine, CA 92612  (949) 216-4000

DATE:
*(Fecha)* **07/14/2021**

Clerk, by _____ , Deputy
*(Secretario)* **JACKIE LAPREVOTTE** *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  BEI Hotel, a California Business

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* business organization, form un known

4. ☑ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BENNY WONG, et al., v. BEI HOTEL, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

STEVEN BUI, an individual; MARK WOOD, an individual; ANA HENRY, an individual; LIVIA TSO, an individual; ARJUMAN QADRI, an individual; YOLANDA GARCIA, an individual; SANDRA REYES, an individual; EDITHA YABUT, an individual; GAYLE GELMAN, an individual; JEROME ECAL, an individual; JACOB GREATHOUSE, an individual; NATASHA BOGARD LAUPATI, an individual; DEEPAK MALI, an individual; RAICHEL JESI LOORTHAIYA, an individual,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BENNY WONG, et al., v. BEI HOTEL, et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

DAVIDSON HOSPITALITY GROUP, A/K/A DAVIDSON HOTEL COMPANY, a Delaware limited liability company, and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

MARC Y. LAZO, SBN: 215998
K&L LAW GROUP, P.C.
2646 Dupont Drive, Suite 60340
Irvine, California 92612
Phone No.:      (949) 216-4000
Fax No.:        (800) 596-0370

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/14/2021**
Clerk of the Court
BY: JACKIE LAPREVOTTE
Deputy Clerk

Attorneys for Plaintiffs
Benny Wong, Steven Bui, Mark Wood, Ana Henry, Livia Tso, Arjuman Qadri, Yolanda Garcia, Sandra Reyes, Editha Yabut, Gayle Gelman, Jerome Ecal, Jacob Greathouse. Natasha Bogard Laupati, Deepak Mali, and Raichel Jesi Loorthaiya

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

BENNY WONG, an individual; STEVEN BUI, an individual; MARK WOOD, an individual; ANA HENRY, an individual; LIVIA TSO, an individual; ARJUMAN QADRI, an individual; YOLANDA GARCIA, an individual; SANDRA REYES, an individual; EDITHA YABUT, an individual; GAYLE GELMAN, an individual; JEROME ECAL, an individual; JACOB GREATHOUSE, an individual; NATASHA BOGARD LAUPATI, an individual; DEEPAK MALI, an individual; RAICHEL JESI LOORTHAIYA, an individual,

     Plaintiffs,

v.

BEI HOTEL, a California business; DAVIDSON HOSPITALITY GROUP, A/K/A DAVIDSON HOTEL COMPANY, a Delaware limited liability company, and DOES 1 through 100, inclusive,

    Defendants.

Case No.: _____

**COMPLAINT FOR:**          **CGC-21-592824**

1. **EMBEZZLEMENT/ MISAPPROPRIATION OF FUNDS**
2. **NEGLIGENCE**
3. **NEGLIGENT MISREPRESENTATION**
4. **INTENTIONAL MISREPRESETATION**
5. **BREACH OF FIDUCIARY DUTY**
6. **VIOLATION OF CALIFORNIA LABOR CODE §§ 227, 227.5**
7. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**
8. **CONVERSION**
9. **CONSTRUCTIVE TRUST**

**JURY TRIAL DEMANDED**

1

COMPLAINT FOR DAMAGES

**PARTIES**

1.     Plaintiff Benny Wong ("Wong") is an individual residing in Daly City, San Mateo County in the State of California.

2.     Plaintiff Steven Bui ("Bui") is an individual residing in San Francisco, San Francisco County in the State of California.

3.     Plaintiff Mark Wood ("Wood") is an individual residing in San Francisco, San Francisco County in the State of California.

4.     Plaintiff Ana Henry ("Henry") is an individual residing in Fairfield, Solano County in the State of California.

5.     Plaintiff Livia Tso ("Tso") is an individual residing in San Bruno, San Mateo County in the State of California.

6.     Plaintiff Arjuman Qadri ("Qadri") is an individual residing in Pleasant Hill, Contra Costa County in the State of California.

7.     Plaintiff Yolanda Garcia ("Garcia") is an individual residing San Francisco, San Francisco County in the State of California.

8.     Plaintiff Sandra Reyes ("Reyes") is an individual residing in Antioch, Contra Costa County in the State of California.

9.     Plaintiff Editha Yabut ("Yabut") is an individual residing in Daly City, San Mateo County in the State of California.

10.    Plaintiff Gayle Gelman ("Gelman") is an individual residing in Bay Point, Contra Costa County in the State of California.

11.    Plaintiff Jerome Ecal ("Ecal") is an individual residing in Pittsburg, Contra Costa County in the State of California.

12.    Plaintiff Jacob Greathouse ("Greathouse") is an individual residing in Hercules, pContra Costa County in the State of California.

13.    Plaintiff Natasha Bogard Laupati ("Laupati") is an individual residing in South San Francisco, San Mateo County in the State of California.

14.    Plaintiff Deepak Mail ("Mali") is an individual residing in San Lorenzo, Alameda

2

1 | County in the State of California.

2 |     15.    Plaintiff Raichel Jesi Loorthaiya ("Loorthaiya") is an individual residing in Union

3 | City, Alameda County in the State of California.

4 |     16.    Wong, Bui, Wood, Henry, Tso, Qadri, Garcia, Reyes, Yabut, Gelman, Ecal,

5 | Greathouse, Laupati, Mali, and Loorthaiya are sometimes collectively referred to herein as the

6 | "Individual Plaintiffs."

7 |     17.    Defendant BEI Hotel ("BEI") is a California business with its principal place of

8 | business at 50 8th Street, San Francisco, California 94103.

9 |     18.    Defendant Davidson Hospitality Group, also known as Davidson Hotel Group

10 | ("DHG"), is a Delaware limited liability company, with its principal place of business at One Ravinia

11 | Drive, Suite 1600, Atlanta, Georgia 30346.

12 |     19.    The true names and capacities, whether an individual, corporate, associate or

13 | otherwise, of the Defendants named herein as Does 1 through 100, inclusive, are currently unknown

14 | to Plaintiffs who therefore sue said Defendants by such fictitious names. When their true names and

15 | capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and

16 | capacities. Plaintiffs are informed, believe, and thereon alleges that each of the fictitiously named

17 | Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs'

18 | damages as herein alleged were proximately caused by those Defendants. Each reference in this

19 | complaint to "Defendant," "Defendants," or a specifically named Defendant refers also to all

20 | Defendants sued under fictitious names.

21 |     20.    Plaintiffs are informed and believe and thereon alleges that at all relevant times

22 | mentioned herein, Defendants, and each of them, were acting for and on behalf of each of the other

23 | Defendants as their agents, servants, representatives, employees, joint venturers and/or co-

24 | conspirators; that all acts, conduct, and omissions herein alleged were perpetrated while said

25 | Defendants were acting as managing agents and/or within the authorized course, scope, and purpose

26 | of said agency, employment, joint venture, and/or conspiracy; and that all acts, conduct or omissions

27 | were subsequently ratified by the respective principals and the benefits thereof accepted and ratified

28 | by said principals.

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

21.     Jurisdiction in California is proper since: (1) Defendants, and each of them, have purposefully availed themselves of the benefits and protections of California laws by their acts alleged herein, including but not limited to solicitation of the agreements alleged herein in California, and the receipt of funds from California bank accounts; (2) the controversy is related to or arises out of the Defendants' contacts with this State since the misrepresentations and tortious conduct alleged herein were perpetrated against California residents; and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice since Defendants, and each of them, conspired to fraudulently deprive Individual Plaintiffs, residents of the State of California, of their retirement funds. See Cal. Code Civ. Proc. § 410.10; *Snowney v. Harrah's Entertainment, Inc.*, 35 Cal. 4th 1054, 1062 (Cal. 2005); *Fireman's Fund Ins. Co. v. National Bank of Coops*, 103 F.3d 888, 894 (9th Cir. 1996).

22.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq. and 18 U.S.C. § 1965(a) because a substantial part of the events giving rise to this action occurred in this district and because the associative enterprise perpetrated by Defendants transacts business in this district.

**BACKGROUND FACTS**

23.     DHG is a Delaware limited liability company in the business of hospitality, with a portfolio of hotel and resort properties across the United States.

24.     BEI is a hotel based out of San Francisco, California, formerly a franchise Holiday Inn hotel for approximately five decades, but now known as BEI Hotel after DHG took over ownership in or around April 2018 (the "Acquisition").

25.     At all relevant times, before and after the Acquisition, Individual Plaintiffs have been members of the union commonly known as Teamsters Local Union No. 856 ("856").

26.     At all relevant times, before and after the Acquisition BEI and DHG, as the employers, were obligated to contribute to the Individual Plaintiffs' Western Conference of Teamsters Pension Trust Fund ("Pension Fund") established for all the union members employed with BEI, and the previous Holiday Inn, to provide a pension, provide health care, pay union dues, and accrue interest.

27.     According to the collective bargaining and employment agreement ("CBA") between

4

BEI and the Individual Plaintiffs, BEI agreed to make contributions to the Pension Fund in the monthly sum of $426.39 for each employee who had worked 160 hours or more during such month.

28.     Upon contributing to the Pension Fund, BEI and DHG are to distribute the Individual Plaintiffs' pension payments into their individual 856 pension account ("Pension Account" or collectively as "Pension Accounts").

29.     However, since the Acquisition, there have been no contributions into the Individual Plaintiffs' Pension Account.

30.     The last payment Individual Plaintiffs received into their Pension Account was from the previous hotel management in March 2018, the month prior to the Acquisition.

31.     Since March 2018, no further contributions by the Defendants have been directed into the Individual Plaintiffs' Pension Accounts as required under the union membership and CBA.

32.     Although BEI and DHG were put on notice of the situation from Individual Plaintiffs' numerous and repeated inquiries as to the status of their pension payments, BEI and DHG's hotel and corporate management never provided Individual Plaintiffs with a substantive answer or resolution as to where the Individual Plaintiffs' payments were going.

33.     Despite being put on notice, BEI and DHG continue to enjoy the benefit of receiving the payments from the Pension Fund, without distributing and transferring such payments to the Individual Plaintiffs' Pension Account.

34.     Although certain health care contributions and union dues have been made by DHG since the acquisition, the Pension Account has not had any Pension Fund contributions or interest accrue in over three years for the Individual Plaintiffs as part of their 856-union membership and CBA.

### FIRST CAUSE OF ACTION

### EMBEZZLEMENT/MISAPPROPRIATION OF FUNDS

### (By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)

35.     Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

36.     Pursuant to California Penal Code § 503, Embezzlement is the fraudulent

5

1   appropriation of property by a person to whom it has been entrusted.

2        37.    Pursuant to California Penal Code § 504, Every agent of any association, society, or

3   corporation (public or private), who fraudulently appropriates to any use or purpose not in the due

4   and lawful execution of that person's trust, any property in his or her possession or under his or her

5   control by virtue of that trust, or secretes it with a fraudulent intent to appropriate it to that use or

6   purpose, is guilty of embezzlement.

7        38.    Pursuant to California Civil Code § 3294, fraud is defined as an intentional

8   misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention

9   on the part of the defendant of thereby depriving a person of property or legal rights or otherwise

10  causing injury.

11       39.    Despite California Penal Code § 504 being applicable to criminal prosecution, the

12  Defendants may be punished with punitive damages for fraudulent behaviors such as embezzlement

13  and conversion.

14       40.    Within the applicable statutory period, Individual Plaintiffs were members of the 856

15  union and contributed to their Pension Fund, which was established for them by the 856 union, each

16  month of their employment.

17       41.    Within the applicable statutory period, Individual Plaintiffs entrusted Defendants

18  with distributing funds belonging to the Individuals Plaintiffs into their Pension Account after

19  Defendants obtained ownership of the hotel property. The Pension Fund is an employee benefit plan

20  as defined by the Employment Retirement Income Security Act because one of its many intended

21  purposes is to provide retirement income to the Individual Plaintiffs.

22       42.    Individual Plaintiffs are informed and believe and hereon allege that Defendants are

23  in a fiduciary relationship with the Individual Plaintiffs because Defendants' role is to administer and

24  allocate the specified funds from the Individual Plaintiffs' wages and serve as a trustee of those wages

25  until they are deposited into the Individual Plaintiffs' respective Pension Accounts.

26       43.    Subsequent to the Defendants' possession of Individual Plaintiffs'' contribution funds,

27  Defendants misappropriated the funds by not properly directing Individual Plaintiffs' pension

28  contributions into their respective Pension Account, rather, by placing the contributions elsewhere

1   not belonging to the Individual Plaintiffs.

2        44.    Defendants breached their fiduciary duty owing to the Individual Plaintiffs by failing

3   to ever distribute the Pension Fund contributions into Individual Plaintiffs' Pension Account and by

4   continually failing to do so since April 2018.

5        45.    Within the applicable statutory period, Defendants knew that when they acquired the

6   ownership interests in the hotel property, that they acquired all attached obligations, including

7   properly distributing Individual Plaintiffs' contributions into their respective Pension Account.

8        46.    Further, Defendants knew that the required distributions were not being properly made

9   to the Individual Plaintiffs' Pension Account because the Individual Plaintiffs provided Defendants

10  with numerous request and inquiries into the status of their pension payments and Defendants refused

11  to provide answers or resolutions to such requests and inquiries.

12       47.    As a result of Defendants' misappropriation and conversion, Individual Plaintiffs have

13  been damaged in an amount according to proof, but no less than four hundred thousand dollars (USD

14  $400,000.00), in unpaid pension payments from April 2018 and continuing.

15       48.    Individual Plaintiffs are informed and believe that the aforementioned conduct of

16  Defendants, and each of them, was carried out as part of a deliberate and systematic scheme of

17  wrongful misappropriation and conversion of Individual Plaintiffs pension fund contributions and

18  such conduct was oppressive, fraudulent, malicious, and subjected Individual Plaintiffs to cruel and

19  unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive

20  damages pursuant to Civil Code Section 3294.

21       49.    Individual Plaintiffs are informed and believe that the aforementioned conduct of

22  Defendants and each of them, was carried out as part of a deliberate and systematic scheme to

23  misappropriate, convert, and sabotage Individual Plaintiffs' pension fund interests through

24  Defendants' misappropriation and fraud. Such conduct was oppressive, fraudulent, and malicious,

25  and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard

26  of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294, for

27  the reasons set forth herein and for at least the following reasons:

28

COMPLAINT FOR DAMAGES

a.  It was done for the purpose and intent of subjecting the Individual Plaintiffs to the foreseeable risk of losing their Pension Fund contribution payments to their Pension Account thereby adversely affecting their investment in such funds.

b.  It was done with the purposeful and intentional design of putting the Defendants' own business and pecuniary interests ahead of the Individual Plaintiffs' rights and interests, at the expense of the Individual Plaintiffs' rights to pursue their own livelihood and realize the fruits of their investment.

c.  It was done with the purpose and intent of deceiving and fraudulently inducing the Individual Plaintiffs' into believing that their contributions were being paid towards their Pension Accounts for their Pension Fund so that the Individual Plaintiffs would maintain their employment with Defendants.

d.  Defendants' strategy was perpetrated with levels of sophistication, deceit, and premeditated cunning with the purpose and intent of placing Defendants' own pecuniary interests ahead of Individual Plaintiffs' interests, in furtherance of a willful scheme to deprive Individual Plaintiffs of their pension fund investments. The conduct of perpetrating the aforementioned lies, including perjurious statements subjects the Defendants to exemplary and punitive damages as set forth herein.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

**(By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)**

50.     Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

51.     Within the applicable statuatory period, Individual Plaintiffs were members of the 856 union and contributed to their pension fund, which was established for them by the 856 union, each month of their employment.

52.     Within the applicable statuatory period, Defendants owed a duty of care towards Individual Plaintiffs by virtue of their fiduciary relationship as trustee over the Pension Fund to

8

1  distribute contributions from the Pension Fund to Individual Plaintiffs' Pension Account. Further,
2  Defendants owed a duty to provide reasonable care as an employer providing payment to their
3  employees for their services.

4      53.     Defendants breached their fiduciary duty and duty to provide reasonable care owed to
5  the Individual Plaintiffs when they failed to distribute Individual Plaintiffs' pension contributions into
6  their respective Pension Account.

7      54.     Defendants are the actual cause of Individual Plaintiffs' harm because but for
8  Defendants' failure to contribute funds, Individual Plaintiffs would have received their respective
9  pension contributions into their Pension Account.

10     55.     Defendants are the proximate cause of Individual Plaintiffs' harm because it is entirely
11 foreseeable that Individual Plaintiffs' would be economically harmed by failing to receive their
12 monthly pension contributions owed to them.

13     56.     As a direct, legal, and proximate result of the Defendants' negligence and carelessness,
14 the Individual Plaintiffs have suffered, and will continue to suffer, substantial general and special
15 damages, including but not limited to:  (1) Being deprived of contributions to their Pension Account
16 as required by the Pension Fund and the interest which should have accumulated thereon; (2)
17 Incurring the liabilities and/or penalties directly resulting from Defendants' inability to consummate
18 the contributions; and (3) Incurring the opportunity costs associated with being deprived of
19 contributions to their Pension Account.

20                        **THIRD CAUSE OF ACTION**
21                     **NEGLIGENT MISREPRESENTATION**
22     **(By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)**

23     57.     Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and
24 hereby incorporate them by reference as though fully set forth herein.

25     58.     Defendants BEI made material representations regarding the status of Individual
26 Plaintiffs' pension contributions without any reasonable ground for believing them to be true, and
27 that they were made for the purpose and intent of inducing Individual Plaintiffs to rely thereon and
28 for at least the following purposes:

COMPLAINT FOR DAMAGES

     a.   The misrepresentations were made to induce Individual Plaintiffs to think that their pension contributions were not being misdirected and were being managed properly when in fact it was not; and

     b.   The misrepresentations were made to keep Individual Plaintiffs working at BEI in spite of the misappropriation of the pension funds.

59.    Individual Plaintiffs are informed and believe that Defendants had authority to speak on behalf of 856 during each instance that verbal misrepresentations were made to Individual Plaintiffs, and in particular Wong, who frequently inquired about the status of the pension contributions and why they were not reflected in their balances.

60.    Individual Plaintiffs acted in reliance upon the truth of said representations by continuing their employment with Defendants, unaware that the representations were made without any intent of performing all the obligations imposed thereby.

61.    Individual Plaintiffs reasonably and justifiably relied on the representations and was unaware of the falsity of the representations at the time they were made, or in the very least had insufficient and/or contradictory information to form an opinion as to whether the representations were in fact true or false.

62.    As a direct, legal, and proximate result of the Defendants' negligence and carelessness, the Individual Plaintiffs have suffered, and will continue to suffer, substantial general and special damages, including but not limited to: (1) Being deprived of contributions to their Pension Account as required by the Pension Fund and the interest which should have accumulated thereon; (2) Incurring the liabilities and/or penalties directly resulting from Defendants' inability to consummate the contributions; and (3) Incurring the opportunity costs associated with being deprived of contributions to their Pension Account.

**FOURTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

**(By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)**

63.    Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

10

64.     Defendants, by and through their corporate and financial officers, misrepresented, reiterated, and repeated statements they knew at the time to be false, or the statements were made recklessly and without regard for their truth. These false statements included repeatedly stating that Individual Plaintiffs' contributions were being placed into the 856 pension fund and that nothing was being mismanaged.

65.     Defendants, by and through their corporate and financial officers with authority to speak on their behalf, intended that each and every one of the Individual Plaintiffs would rely on their misrepresentations.

66.     Individual Plaintiffs did reasonably and justifiably rely on the representations and was unaware of the falsity of the representations at many different times they were made.

67.     As a result of relying on Defendants' false statements, Individual Plaintiffs were harmed.

68.     The Individual Plaintiffs' reliance on the statements made by Defendants was a substantial factor in causing Individual Plaintiffs' harm.

69.     Defendants made fraudulent statements to Individual Plaintiffs for the purpose of converting, misappropriating, and taking control of the pension contributions made by Individual Plaintiffs, as well as keeping the Individual Plaintiffs employed with Defendants without providing them their pension contributions.

70.     As a direct, legal, and proximate result of the Defendants' misrepresentation, the Individual Plaintiffs have suffered, and will continue to suffer, substantial general and special damages, including but not limited to:  (1) Being deprived of contributions to their Pension Account as required by the Pension Fund and the interest which should have accumulated thereon; (2) Incurring the liabilities and/or penalties directly resulting from Defendants' inability to consummate the contributions; and (3) Incurring the opportunity costs associated with being deprived of contributions to their Pension Account.

71.     Individual Plaintiffs are informed and believe that the aforementioned conduct of Defendants, and each of them, was carried out as part of a deliberate and systematic scheme of wrongful misappropriation and conversion of Individual Plaintiffs pension fund contributions and

COMPLAINT FOR DAMAGES

such conduct was oppressive, fraudulent, malicious, and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294.

72.    Individual Plaintiffs are informed and believe that the aforementioned conduct of Defendants and each of them, was carried out as part of a deliberate and systematic scheme to misappropriate, convert, and sabotage Individual Plaintiffs' pension fund interests through Defendants' misappropriation and fraud. Such conduct was oppressive, fraudulent, and malicious, and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294, for the reasons set forth herein and for at least the following reasons:

    a. It was done for the purpose and intent of subjecting the Individual Plaintiffs to the foreseeable risk of losing their Pension Fund contribution payments to their Pension Account thereby adversely affecting their investment in such funds.

    b. It was done with the purposeful and intentional design of putting the Defendants' own business and pecuniary interests ahead of the Individual Plaintiffs' rights and interests, at the expense of the Individual Plaintiffs' rights to pursue their own livelihood and realize the fruits of their investment.

    c. It was done with the purpose and intent of deceiving and fraudulently inducing the Individual Plaintiffs' into believing that their contributions were being paid towards their Pension Accounts for their Pension Fund so that the Individual Plaintiffs would maintain their employment with Defendants.

    d. Defendants' strategy was perpetrated with levels of sophistication, deceit, and premeditated cunning with the purpose and intent of placing Defendants' own pecuniary interests ahead of Individual Plaintiffs' interests, in furtherance of a willful scheme to deprive Individual Plaintiffs of their pension fund investments. The conduct of perpetrating the aforementioned lies, including perjurious statements subjects the Defendants to exemplary and punitive damages as set forth herein.

12

73.     As of June 2021, Defendants have still not contributed Individual Plaintiffs' pension funds into their respective Pension Accounts. As a result, Individual Plaintiffs have been damaged in an amount according to proof, but no less than four hundred thousand dollars (USD $400,000.00), including consequential damages and prospective losses.

### FIFTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

### (By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)

74.     Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

75.     The Pension Fund is an employee benefit plan as defined by the Employment Retirement Income Security Act because one of its many intended purposes is to provide retirement income to the Individual Plaintiffs.

76.     Defendants are in a fiduciary relationship with the Individual Plaintiffs because Defendants' role is to administer and allocate the specified funds from the Individual Plaintiffs' wages and serve as a trustee of those wages until they are deposited into the Individual Plaintiffs' respective Pension Account.

77.     Defendants breached their fiduciary duties by making the misrepresentations alleged above and by otherwise engaging in the course of conduct alleged herein.

78.     The above course of conduct was pursued without due regard for and in reckless and conscious disregard of the financial circumstances of Individual Plaintiffs and resulting damage and injury to Individual Plaintiffs.

79.     Defendants pursued such course of conduct intentionally and maliciously while unconscionably disregarding of the rights of Individual Plaintiffs and with a fraudulently and/or with reckless disregard of the likelihood of causing Individual Plaintiffs economic damage and/or at all times to further their own economic interest at the expense of Individual Plaintiffs' economic interest.

80.     As a direct, legal, and proximate result of the Defendants' breach, the Individual Plaintiffs have suffered, and will continue to suffer, substantial general and special damages, including but not limited to: (1) Being deprived of contributions to their Pension Account as required

13

by the Pension Fund and the interest which should have accumulated thereon; (2) Incurring the liabilities and/or penalties directly resulting from Defendants' inability to consummate the contributions; and (3) Incurring the opportunity costs associated with being deprived of contributions to their Pension Account.

81.     As of June 2021, Defendants have still not contributed Individual Plaintiffs' pension funds into the Pension Account. Further requests for clarification were asked from counsel for Defendant DHG and yet the funds are still absent from each of Individual Plaintiffs' respective Pension Account.

82.     As a result, Individual Plaintiffs' have been damaged in at least the sum in excess of the jurisdictional amount of this Court, no less than four hundred thousand dollars (USD $400,000), including consequential damages and prospective losses.

83.     Individual Plaintiffs are informed and believe that the aforementioned conduct of Defendants, and each of them, was carried out as part of a deliberate and systematic scheme of wrongful misappropriation and conversion of Individual Plaintiffs pension fund contributions and such conduct was oppressive, fraudulent, malicious, and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294.

84.     Individual Plaintiffs are informed and believe that the aforementioned conduct of Defendants and each of them, was carried out as part of a deliberate and systematic scheme to misappropriate, convert, and sabotage Individual Plaintiffs' pension fund interests through Defendants' misappropriation and fraud. Such conduct was oppressive, fraudulent, and malicious, and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294, for the reasons set forth herein and for at least the following reasons:

        a. It was done for the purpose and intent of subjecting the Individual Plaintiffs to the foreseeable risk of losing their Pension Fund contribution payments to their Pension Account thereby adversely affecting their investment in such funds.

COMPLAINT FOR DAMAGES

b. It was done with the purposeful and intentional design of putting the Defendants' own business and pecuniary interests ahead of the Individual Plaintiffs' rights and interests, at the expense of the Individual Plaintiffs' rights to pursue their own livelihood and realize the fruits of their investment.

c. It was done with the purpose and intent of deceiving and fraudulently inducing the Individual Plaintiffs' into believing that their contributions were being paid towards their Pension Accounts for their Pension Fund so that the Individual Plaintiffs would maintain their employment with Defendants.

d. Defendants' strategy was perpetrated with levels of sophistication, deceit, and premeditated cunning with the purpose and intent of placing Defendants' own pecuniary interests ahead of Individual Plaintiffs' interests, in furtherance of a willful scheme to deprive Individual Plaintiffs of their pension fund investments. The conduct of perpetrating the aforementioned lies, including perjurious statements subjects the Defendants to exemplary and punitive damages as set forth herein.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE §§ 227, 227.5

### (By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)

85.     Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

86.     Pursuant to California Labor Code § 227, it is unlawful for an employer to willfully, or with intent to defraud, fail to make payments to an employee's pension fund as required by the terms of its agreement with an employee or as required by the terms of a collective bargaining agreement.

87.     Within the applicable statutory period, Defendants, as the Individual Plaintiffs' employers, were responsible for making payments to the Pension Fund pursuant to the terms of the CBA.

88.     Pursuant to California Labor Code 227.5, Individual Plaintiffs, as employees, provided

15

1   written request to Defendants, as employers, to furnish a statement confirming that payments have
2   been made and for what periods.

3       89.    Defendants failed to make the requisite pension payments to the Individual Plaintiffs
4   and failed to furnish any statements indicating whether or not such payments have been made and for
5   what periods.

6       90.    Defendants conduct was willfully done or with the intent to defraud the Individual
7   Plaintiffs because Defendants were consistently put on notice regarding the failure to make pension
8   payments to Individual Plaintiffs' Pension Account; however, Defendants failed to resolve the issue
9   and have been continuously violating the CBA to provide the Pension Fund contribution payments to
10  date.

11      91.    Individual Plaintiffs are informed and believe that the aforementioned conduct of
12  Defendants, and each of them, was carried out as part of a deliberate and systematic scheme of
13  wrongful misappropriation and conversion of Individual Plaintiffs pension fund contributions and
14  such conduct was oppressive, fraudulent, malicious, and subjected Individual Plaintiffs to cruel and
15  unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive
16  damages pursuant to Civil Code Section 3294.

17      92.    Individual Plaintiffs are informed and believe that the aforementioned conduct of
18  Defendants and each of them, was carried out as part of a deliberate and systematic scheme to
19  misappropriate, convert, and sabotage Individual Plaintiffs' pension fund interests through
20  Defendants' misappropriation and fraud. Such conduct was oppressive, fraudulent, and malicious,
21  and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard
22  of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294, for
23  the reasons set forth herein and for at least the following reasons:

24      a. It was done for the purpose and intent of subjecting the Individual Plaintiffs to the
25      foreseeable risk of losing their Pension Fund contribution payments to their
26      Pension Account thereby adversely affecting their investment in such funds.
27      b. It was done with the purposeful and intentional design of putting the Defendants'
28      own business and pecuniary interests ahead of the Individual Plaintiffs' rights and

16

interests, at the expense of the Individual Plaintiffs' rights to pursue their own livelihood and realize the fruits of their investment.

c.  It was done with the purpose and intent of deceiving and fraudulently inducing the Individual Plaintiffs' into believing that their contributions were being paid towards their Pension Accounts for their Pension Fund so that the Individual Plaintiffs would maintain their employment with Defendants.

d. Defendants' strategy was perpetrated with levels of sophistication, deceit, and premeditated cunning with the purpose and intent of placing Defendants' own pecuniary interests ahead of Individual Plaintiffs' interests, in furtherance of a willful scheme to deprive Individual Plaintiffs of their pension fund investments. The conduct of perpetrating the aforementioned lies, including perjurious statements subjects the Defendants to exemplary and punitive damages as set forth herein.

93.     As a direct, legal, and proximate result of the Defendants' violative conduct, the Individual Plaintiffs have suffered, and will continue to suffer, substantial general and special damages, including but not limited to:  (1) Being deprived of contributions to their Pension Account as required by the Pension Fund and the interest which should have accumulated thereon; (2) Incurring the liabilities and/or penalties directly resulting from Defendants' inability to consummate the contributions; and (3) Incurring the opportunity costs associated with being deprived of contributions to their Pension Account.

94.     Individual Plaintiffs' have been damaged in at least the sum in excess of the jurisdictional amount of this Court, no less than four hundred thousand dollars (USD $400,000), including consequential damages and prospective losses.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

**(By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)**

95.     Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

17

96.     Pursuant to California Business & Professions Code § 17200, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

97.     All Defendants would be construed as a 'person' and thus be liable under California Business & Professions Code § 17201.

98.     Defendants have engaged in unfair business practices by as specified herein, including but not limited to:

    a.     Requiring its employees, to perform labor services without distributing their pension fund benefits;

    b.     Embezzling and converting the Individual Plaintiffs' pension funds for their own benefit;

    c.     Misrepresenting to the Individual Plaintiffs the status and nature of their pension fund contributions and failing to provide for an answer or resolution to the Individual Plaintiffs' request and inquiry as to their pension contributions; and

    d.     Violating state law.

99.     As a direct, legal, and proximate result of the Defendants' violative conduct, the Individual Plaintiffs have suffered, and will continue to suffer, substantial general and special damages, including but not limited to:  (1) Being deprived of contributions to their Pension Account as required by the Pension Fund and the interest which should have accumulated thereon; (2) Incurring the liabilities and/or penalties directly resulting from Defendants' inability to consummate the contributions; and (3) Incurring the opportunity costs associated with being deprived of contributions to their Pension Account.

100.     Due to Defendants' conduct, Individual Plaintiffs' have been damaged in at least the sum in excess of the jurisdictional amount of this Court, no less than four hundred thousand dollars (USD $400,000), including consequential damages and prospective losses.

//

//

18

**EIGHTH CAUSE OF ACTION**

**CONVERSION**

**(By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)**

101.    Individual Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

102.    Individual Plaintiffs were, at all times relevant to this action, the rightful owners of all value and equity in their Pension Fund interests as described herein, which were unlawfully and wrongfully converted by Defendants without Individual Plaintiffs' consent in the manner alleged herein.

103.    Individual Plaintiffs are informed and believe that the aforementioned conduct of Defendants, and each of them, was carried out as part of a deliberate and systematic scheme of wrongful misappropriation and conversion of Individual Plaintiffs pension fund contributions and such conduct was oppressive, fraudulent, malicious, and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294.

104.    Individual Plaintiffs are informed and believe that the aforementioned conduct of Defendants and each of them, was carried out as part of a deliberate and systematic scheme to misappropriate, convert, and sabotage Individual Plaintiffs' pension fund interests through Defendants' misappropriation and fraud. Such conduct was oppressive, fraudulent, and malicious, and subjected Individual Plaintiffs to cruel and unjust hardship in a willful and conscious disregard of their rights, warranting exemplary and punitive damages pursuant to Civil Code Section 3294, for the reasons set forth herein and for at least the following reasons:

      a. It was done for the purpose and intent of subjecting the Individual Plaintiffs to the foreseeable risk of losing their Pension Fund contribution payments to their Pension Account thereby adversely affecting their investment in such funds.

      b. It was done with the purposeful and intentional design of putting the Defendants' own business and pecuniary interests ahead of the Individual Plaintiffs' rights and

19

COMPLAINT FOR DAMAGES

interests, at the expense of the Individual Plaintiffs' rights to pursue their own livelihood and realize the fruits of their investment.

c.  It was done with the purpose and intent of deceiving and fraudulently inducing the Individual Plaintiffs' into believing that their contributions were being paid towards their Pension Accounts for their Pension Fund so that the Individual Plaintiffs would maintain their employment with Defendants.

d. Defendants' strategy was perpetrated with levels of sophistication, deceit, and premeditated cunning with the purpose and intent of placing Defendants' own pecuniary interests ahead of Individual Plaintiffs' interests, in furtherance of a willful scheme to deprive Individual Plaintiffs of their pension fund investments. The conduct of perpetrating the aforementioned lies, including perjurious statements subjects the Defendants to exemplary and punitive damages as set forth herein.

105.    As a direct, legal, and proximate result of the aforementioned conduct, Defendants were unjustly enriched and the Individual Plaintiffs have suffered, and will continue to suffer, general and special damages within the jurisdictional limits of this Court and in an amount to be proven at trial.

**NINTH CAUSE OF ACTION**

**CONSTRUCTIVE TRUST**

**(By Individual Plaintiffs Against Defendants BEI and DHG and DOES 1-100)**

106.    Individual Plaintiffs re-allege and incorporate by reference each and every paragraph above, as though fully set forth in full.

107.    Individual Plaintiffs are informed and believe that Defendants continue to hold their pension fund contributions improperly, rightfully owned by Individual Plaintiffs and which should have been dispersed appropriately into their Pension Account. Accordingly, Individual Plaintiffs request that a constructive trust be imposed on the outstanding pension fund contributions owed to each respective Pension Account for Individual Plaintiffs' exclusive ownership and recovery and the monies rightfully owed to Individual Plaintiffs into their Pension Account by Defendants, and each

20

of them.

108.    Individual Plaintiffs are entitled to relief in the form of a constructive trust imposed on Defendants, and each of them, for the sums and amounts alleged herein for the benefit of Individual Plaintiffs pursuant to Civil Code §2224.

109.    As a direct, legal, and proximate result of the foregoing, Individual Plaintiffs request that a constructive trust be imposed on Defendants, and each of them, for their express and exclusive rightful recovery and disbursement into each respective Pension Account.

## PRAYER FOR RELIEF

**WHEREFORE**, Individual Plaintiffs pray for judgment against Defendants as follows:

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION:**

1.    For Compensatory, Consequential, and Incidental Damages;

2.    For General and Special Damages;

3.    Punitive damages against BEI and DHG in an amount adequate to deter such future indifference to, and reckless disregard of, the rights of others; and

**ON THE NINTH CAUSE OF ACTION**

1.    For a constructive trust to be imposed on the misappropriated pension contribution funds here in California for their express and exclusive ownership and recovery and proper redistribution into Individual Plaintiffs' Pension Account.

**ON ALL CAUSES OF ACTION:**

1.    For attorney's fees and costs permitted by contract or statute;

2.    For recovery of costs and expenses of suit as allowed by law;

3.    For prejudgment interest on lost money and property from the time that it was wrongfully misappropriated from Individual Plaintiffs; and

4.    For such other and further relief as the Court deems just and proper.

Dated: June 03, 2021                                   **K&L LAW GROUP, P.C.**

Marc Y. Lazo
Attorneys for Plaintiffs

22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

MARC LAZO, ESQ. - SBN 215998
K&L LAW GROUP, P.C.
2646 Dupont Drive, Suite 60340
Irvine, CA 92612
TELEPHONE NO. (949) 216-4000   FAX NO.:
ATTORNEY FOR *(Name)* Plaintiffs

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/14/2021**
**Clerk of the Court**
BY: JACKIE LAPREVOTTE
**Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS 400 McAllister Street
MAILING ADDRESS 400 McAllister Street
CITY AND ZIP CODE San Francisco, CA 94102
BRANCH NAME Civic Center Courthouse

CASE NAME:
BENNY WONG, et al., v. BEI HOTEL, et al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC-21-592824 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 9
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 14, 2021
MARC LAZO
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# EXHIBIT A