ELLEN M. BRONCHETTI (SBN 226975)
EBronchetti@mwe.com
J. CHRISTIAN NEMETH (SBN 222271)
JCNemeth@mwe.com
MCDERMOTT WILL & EMERY LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105-2616
Telephone:    (628) 218-3808
Facsimile:    (628) 225-3012

Attorney for Defendants
BEI HOTEL & DAVIDSON
HOSPITALITY GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENNY WONG, an individual; STEVEN BUI, an individual; MARK WOOD, an individual; ANA HENRY, an individual; LIVIA TSO, an individual; ARJUMAN QADRI, an individual; YOLANDA GARCIA, an individual; SANDRA REYES, an individual; EDITHA YABUT, an individual; GAYLE GELMAN, an individual; JEROME ECAL, an individual; JACOB GREATHOUSE, an individual; NATASHA BOGARD LAUPATI, an individual; DEEPAK MALI, an individual; RAICHEL JESI LOORTHAIYA, an individual,<br><br>           Plaintiffs,<br>    v.<br><br>BEI HOTEL, a California business; DAVIDSON HOSPITALITY GROUP, A/K/A DAVIDSON HOTEL COMPANY, a limited liability company, and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No. 3:21-cv-06271-EMC<br><br>**DEFENDANTS BEI HOTEL AND DAVIDSON HOSPITALITY GROUP'S REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing:**<br>Date: June 2, 2022<br>Time: 1:30 p.m.<br>Courtroom 5, 17th Floor<br><br>Hon. Edward M. Chen |

**REQUEST FOR JUDICIAL NOTICE**

In accordance with Rule 201 of the Federal Rules of Evidence, Defendants BEI Hotel and Davidson Hospitality Group (collectively, "Defendants") respectfully request that this Court take judicial notice of the document attached as Exhibit 1 to the Declaration of Ellen M. Bronchetti filed in support of their Motion to Dismiss the First Amended Complaint.

Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). On a Rule 12(b)(6) motion, a court also may take judicial notice of a document on which the complaint relies if the document "is central to the claims asserted in the complaint," and the "authenticity of the document" cannot be reasonably disputed. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). On a Rule 12(b)(6) motion, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Court may take judicial notice of the collective bargaining agreement attached as Exhibit 1. Courts routinely take judicial notice of collective bargaining agreements in evaluating motions to dismiss as "such documents properly are considered [ ] materials 'not subject to reasonable dispute' because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' " *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016); *see also Jones v. AT & T*, No. C 07–3888 JF, 2008 WL 902292, *2 (N.D.Cal. Mar. 31, 2008)).

Additionally, this Court may consider the collective bargaining agreement without converting the motion to dismiss into a motion for summary judgment because the terms of the collective bargaining agreement are "central" to the claims asserted in the complaint, and are judicially noticeable on a motion to dismiss. *See Sanders*, 504 F.3d at 910.

For these reasons, defendants respectfully request that this Court take judicial notice of the collective bargaining agreement.

1 | Dated: April 25, 2022            MCDERMOTT WILL & EMERY LLP

By:   /s/ *Ellen M. Bronchetti*
ELLEN M. BRONCHETTI
J. CHRISTIAN NEMETH
Attorney for Defendants
BEI HOTEL & DAVIDSON
HOSPITALITY GROUP