| | |
|---|---|
| 1 | K&L LAW GROUP, P.C. |
| 2 | MARC Y. LAZO, SBN: 215998 |
|   | 2646 Dupont Drive, Suite 60340 |
| 3 | Irvine, California 92612 |
|   | Phone No.:     (949) 216-4000 |
| 4 | Fax No.:        (800) 596-0370 |

Attorneys for Plaintiffs BENNY WONG, an individual; STEVEN BUI, an individual; MARK WOOD, an individual; ANA HENRY, an individual; LIVIA TSO, an individual; ARJUMAN QADRI, an individual; YOLANDA GARCIA, an individual; SANDRA REYES, an individual; EDITHA YABUT, an individual; GAYLE GELMAN, an individual; JEROME ECAL, an individual; JACOB GREATHOUSE, an individual; NATASHA BOGARD LAUPATI, an individual; DEEPAK MALI, an individual; RAICHEL JESI LOORTHAIYA, an individual, MILDAYANTI MOEHAMMADY, an individual

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| BENNY WONG, an individual; STEVEN BUI, an individual; MARK WOOD, an individual; ANA HENRY, an individual; LIVIA TSO, an individual; ARJUMAN QADRI, an individual; YOLANDA GARCIA, an individual; SANDRA REYES, an individual; EDITHA YABUT, an individual; GAYLE GELMAN, an individual; JEROME ECAL, an individual; JACOB GREATHOUSE, an individual; NATASHA BOGARD LAUPATI, an individual; DEEPAK MALI, an individual; RAICHEL JESI LOORTHAIYA, an individual, MILDAYANTI MOEHAMMADY, an individual<br><br>        Plaintiffs,<br><br>vs.<br><br>BEI HOTEL, a California business; BEI HOTEL SAN FRANCISCO, a Wyndham Trademark Hotel; DAVIDSON HOSPITALITY GROUP, LLC, A/K/A DAVIDSON HOTEL COMPANY, a Delaware limited liability company; NEW CIVIC COMPANY, LTD., and California corporation; COM HOWARD, LLC, a Delaware limited liability company; COM HOWARD I LLC, a Delaware limited liability company, BEI CAPITAL, aka ST. | Case No.   3:21-cv-06271-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:  June 16, 2022<br>Time: 1:30 p.m.<br>Place:  Courtroom 5 |

BRIDE'S ALLIANCE, and DOES 1 through 100, inclusive,

Defendant.

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE**

Plaintiffs BENNY WONG, an individual; STEVEN BUI, an individual; MARK WOOD, an individual; ANA HENRY, an individual; LIVIA TSO, an individual; ARJUMAN QADRI, an individual; YOLANDA GARCIA, an individual; SANDRA REYES, an individual; EDITHA YABUT, an individual; GAYLE GELMAN, an individual; JEROME ECAL, an individual; JACOB GREATHOUSE, an individual; NATASHA BOGARD LAUPATI, an individual; DEEPAK MALI, an individual; RAICHEL JESI LOORTHAIYA, an individual, MILDAYANTI MOEHAMMADY, an individual (collectively "Plaintiffs"), do oppose Defendants BEI Hotel and Davidson's Hospitality Group's (collectively "Defendants") Motion to Dismiss (the "Motion") Plaintiffs' First Amended Complaint (the "FAC") as follows:

This Court should deny the Motion as the causes of action in the FAC stand on their own independent of any ERISA component.

## I. **INTRODUCTION**

Defendants' misunderstanding and application of the facts in this case have misled them into the filing of the instant Motion. While causes of action that rely on ERISA products would necessarily have to be prosecuted through the ERISA grievance system, causes of action which can stand on their own, like the situation at bar, do not have to be subsumed into ERISA's limited remedies.

Defendants argue that the causes of action in the FAC rely on ERISA products and, thus, should have to go under the remedies afforded by the ERISA statute. But, Defendants are wrong. The causes of action in the FAC are not preempted by the ERISA statutes as the facts alleged in those causes of action are independent of the ERISA products.

//
//
//

## II. STATEMENT OF FACT

Plaintiffs are a group of current and former employees from a hotel in San Francisco who also all belong to the same labor union. The labor union has a collective bargaining agreement with the hotel for the union's employees working at the hotel.

Included in that collective bargaining agreement is a provision for an employee pension. The pension falls under ERISA laws and is funded by the hotel/employer. The monies contributed are then invested and managed by the Pension Fund. Upon retirement or early retirement, the Pension Fund makes distributions to the retired employees.

The current owner of the hotel has not made any distributions of the retirement funds since March 2018. Yet, the hotel/employer has accepted the Pension distributions from the Pension Fund this entire time. Essentially, the hotel/employer has taken the Plaintiffs' retirement monies but has not paid out the distributions and kept the monies for itself.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48 (1957) (emphasis added); see also, Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. Id. at 556-57. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is proper only where a complaint fails to plead either a cognizable legal theory or sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. *Twombly*, 550 U.S. at 556-57.

## IV. ARGUMENT

Defendants' Motion is making the completely wrong argument based on incorrect facts. That is reason alone the Motion should be denied. The Defendants appear to view the causes of action in the

FAC as being linked to the ERISA product (the Pension) because Defendants are mistaken in what the Plaintiffs are complaining of in the FAC.

### A. Plaintiffs Complain Of The Failure To Distribute Pension Funds, Not The Failure To Contribute To The Pension

One sentence in the Motion is the bright light reason why Defendants are completely mistaken and the Motion has no applicability to the case at bar. Defendants argue that the "alleged failure to contribute to an ERISA-governed plan is the gravamen of plaintiffs' complaint." See Dkt. No. 32 pg. 9:12-13.

Defendants have it backwards. The gravamen of the Plaintiffs' complaint is not that there has been a failure to contribute. Rather, the gravamen is that there has been a failure by the employer to distribute the retirement monies to the employees. See FAC ¶39. As such, the Motion is factually wanting and its arguments, inherently, are meaningless to the case at bar.

### B. Even Using Defendants' Argument, The FAC Still Is Still Not Preempted By ERISA

Even when using the Defendants' premise or argument from the Motion relating to preemption by ERISA, the causes of action in the FAC do not fall within the preemption scope of ERISA laws.

As the Defendants correctly cited in the Motion, a state law claim relates to an employee benefit plan, and is thus preempted, if the claim acts immediately or exclusively on an ERISA plan, or adjudication of the claim requires the existence of an ERISA plan. *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 546 F. 3d 639, 657 (9th Cir. 2008).

Here, in the case at bar, the distribution of the retirement monies from the employer to the retired employees does not hinge on the ERISA plan being in place. Where the employer got the monies from is of no import. What the Plaintiffs are complaining of is the actions taken by the hotel after receiving the money from the Pension plan. The monies could have made it to the employer from a private retirement account, the lottery, or simply the hotel's coffers. The ERISA accounts are not an integral part of the causes of action being litigated by the Plaintiffs. Hence, the causes of action in the FAC are not preempted by the ERISA laws.

//

//

## V. LEAVE TO AMEND SHOULD ALTERNATIVELY BE GRANTED

Dismissal without leave to amend is proper only in "extraordinary cases." *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981). A court must not dismiss a FAC for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45(1957). Rule 15(a) states that leave to amend "shall be freely given when justice so requires". This mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Here, Plaintiffs have pleaded facts and stated its claims under viable legal theories. However, should the Court find that further specificity is needed, leave to amend should be granted.

As set forth above, Plaintiffs have not only sufficiently pled in its FAC the facts that substantiate each one of its claims; it has done so as to each cause of action against each respective Defendant. No undue delay, bad faith or dilatory motive on the part of the Plaintiffs exists here, nor would Defendants be prejudiced by allowance of the amendment as Plaintiffs have only amended its complaint once before. (*See also, Collins v International Dairy Queen,* 190 F.R.D. 633 (GA 2000) (Court allowed 6th Amended Complaint). Accordingly, in the event the Court is inclined to agree that further amendment is necessary, Plaintiffs should be granted thirty (30) days leave to amend its FAC.

//
//
//
//
//
//

## VI. CONCLUSION

Based on the foregoing, the Plaintiffs respectfully ask this Court to deny Defendants' 12(b)(6) motion as the Motion has no applicability to the facts of this case, or alternatively, Plaintiffs should be granted thirty (30) days leave to amend its FAC.

Dated: May 10, 2022

Respectfully submitted.
K&L LAW GROUP PC

By: _____
Marc Lazo
Attorneys for Plaintiffs