MARC Y. LAZO
MLazo@kllawgroup.com
K&L LAW GROUP, P.C.
2646 Dupont Drive, Suite 60340
Irvine, CA 92612
Telephone:    (949) 216-4000
Facsimile:    (800) 596-0370

ELLEN M. BRONCHETTI (SBN 226975)
EBronchetti@mwe.com
MCDERMOTT WILL & EMERY LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105-2616
Telephone:   (628) 218-3808
Facsimile:   (628) 225-3012

J. CHRISTIAN NEMETH (SBN 222271)
JCNemeth@mwe.com
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone:   (312) 984 3292
Facsimile:   (312) 984 7700

Attorney for Plaintiffs

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BENNY WONG, an individual; STEVEN BUI, an individual; MARK WOOD, an individual; ANA HENRY, an individual; LIVIA TSO, an individual; ARJUMAN QADRI, an individual; YOLANDA GARCIA, an individual; SANDRA REYES, an individual; EDITHA YABUT, an individual; GAYLE GELMAN, an individual; JEROME ECAL, an individual; JACOB GREATHOUSE, an individual; NATASHA BOGARD LAUPATI, an individual; DEEPAK MALI, an individual; RAICHEL JESI LOORTHAIYA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BEI HOTEL, a California business; DAVIDSON HOSPITALITY GROUP, A/K/A DAVIDSON HOTEL COMPANY, a limited liability company, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.  3:21-cv-06271-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hon. Edward M. Chen |

**INTRODUCTION**

Plaintiffs, through their attorneys K&L Law Group, P.C., and Defendants BEI Hotel and Davidson Hospitality Group ("Davidson") (collectively, "Defendants"), through their attorneys McDermott Will & Emery, in the above-entitled litigation jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**JURISDICTION AND SERVICE**

*Plaintiffs' Position*

This Court has personal and subject matter jurisdiction over all previously and newly named Defendants.

*Defendants' Position*

Defendant BEI Hotel does not contest personal jurisdiction. Defendant Davidson has not been served with process and contests personal jurisdiction. This Court has subject matter jurisdiction because plaintiffs' claims are completely preempted by federal law. *See* Dkt. No. 1.

**FACTS**

*Plaintiffs' Position*

Quite simply, Defendants have misappropriated Plaintiffs' Pension Funds. At Defendants' request, Plaintiffs provided Defendants ample opportunity over the past several months to produce evidence that the monies in Plaintiffs' individual accounts were not stolen and instead had been placed in other accounts, which Defendants apparently claim, to no avail.  On two separate occasions, Plaintiffs agreed to delay procession of this matter based on Defendants' promises that "new management" had "resolved the issue" and would demonstrate that Plaintiffs' funds had never been misappropriated. Without any reasonably explanation, Defendants have failed to do so.

*Defendants' Position*

Defendants dispute the factual allegations in Plaintiffs' First Amended Complaint. Defendants timely paid all contributions to the Western Conference of Teamsters Pension Trust Fund ("Pension Fund") that Plaintiffs claim have not been paid.  Before the onset of this litigation

and since the onset of this litigation, Defendants have provided Plaintiffs' counsel with documentation showing all contributions to the Pension Fund have been timely paid. Defendants have explained to Plaintiffs' counsel that to the extent Plaintiffs' individual account statements of their pension contributions reflected a temporary delay in those contributions, that delay was due to administrative issues on the part of the Pension Fund and not a failure on Defendants' part to timely make contributions. Defendants have put Plaintiffs' counsel in touch with representatives of the Pension Fund who can answer Plaintiffs' questions about their contributions or benefits. Thus, setting aside that this lawsuit's state-based claims are completely preempted by federal law (which form the basis of Defendants' motion to dismiss), there is substantively no basis for Plaintiffs' claims.

## LEGAL ISSUES

*Plaintiffs' Position*

Defendants are liable for their misappropriations of Plaintiffs' individual Pension Funds, including all opportunity costs, consequential and punitive damages resulting from their tortious conduct.

*Defendants' Position*

Defendants' position as to the viability of Plaintiffs' complaint is set forth in Defendants' motion to dismiss. Substantively, Defendants have no legal liability to Plaintiffs because of their timely contributions to the Pension Fund.

## MOTIONS

Other than opposing Defendants' motions, Plaintiffs at this time to not plan on filing any dispositive motions.

Defendants filed a dispositive motion to dismiss in response to Plaintiffs' First Amended Complaint. Plaintiffs responded to Defendants' motion on May 10, 2022. Defendants filed their reply to Defendants' opposition on May 17, 2022. If Defendants' motion to dismiss is unsuccessful, Defendants anticipate filing a motion for summary judgment or partial summary judgment at the appropriate time. Defendants may elect to file other motions as the case unfolds.

//

## AMENDMENT OF PLEADINGS

*Plaintiffs' Position*

Plaintiffs amended complaint was filed pursuant to stipulation simply to add new parties and for no other reason. The substance of Plaintiffs' claims has not been adjudicated.

*Defendants' Position*

Plaintiffs have already filed an amended complaint to which Defendants responded with a dispositive motion to dismiss. All future amendments to the complaint must be filed with leave of Court or by agreement of the parties.

## EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have not yet met pursuant to Fed. R. Civ. P. 26(f).  Defendants have taken all reasonable and proportionate steps to preserve relevant evidence, including issuing legal hold notices.

## DISCLOSURES

*Plaintiffs' Position*

Disclosures should be per the Rules of Procedure.

*Defendants' Position*

There have been no initial disclosures provided in this case to date pursuant to Fed. R. Civ. P. 26(a) by either party.  Defendants have informally provided Plaintiffs' counsel with contact information for persons at the Pension Fund who have information about the issues in the First Amended Complaint, and Defendants have informally provided Plaintiffs' counsel with documents showing they have made all required contributions to the Pension Fund.  Defendants believe discovery will be unnecessary given their dispositive motion to dismiss.  Defendants ask that discovery be stayed until the motion to dismiss is resolved by the Court.  If the Court denies Defendants' request to stay discovery, Defendants propose that the parties exchange initial disclosures within ten days of the Case Management Conference.

//

//

1

**DISCOVERY**

2

*Plaintiffs' Position*

3     Plaintiffs do not currently foresee any discovery issues.  However, all documents should

4     be produced in their native form and in searchable "pdf" or "tiff" formats.

5

*Defendants' Position*

6     There has been no formal discovery taken in this case to date.  Defendants have informally

7     provided Plaintiffs' counsel with contact information for persons at the Pension Fund who have

8     information about the issues in the First Amended Complaint, and Defendants have informally

9     provided Plaintiffs' counsel with documents showing they have made all required contributions to

10    the Pension Fund.  Defendants believe discovery will be unnecessary given their dispositive

11    motion to dismiss.  Defendants ask that discovery be stayed until the motion to dismiss is resolved

12    by the Court, as well as any future motion based on any amended pleading.

13    It is presently unclear which, if any, claims in the First Amended Complaint will survive

14    Defendants' motion to dismiss, and this uncertainty has caused courts in this District to stay

15    discovery pending resolution of a dispositive motion. *See, e.g., Yiren Huang v. Futurewei Techs.,*

16    *Inc.*, No. 18-CV-00534-BLF, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) (granting motion

17    to stay discovery where "first resolving the motion to dismiss is the better course" and "may narrow

18    the issues and benefit both parties").

19

**CLASS ACTIONS**

20    This is not a class action matter.

21

**RELATED CASES**

22    There are no related cases to this matter.

23

**RELIEF**

24

*Plaintiffs' Position*

25    Defendants are liable for their misappropriations of Plaintiffs' Funds, including all

26    opportunity costs, consequential and punitive damages proximately arising therefrom.

27    //

28    //

---

*Defendants' Position*

Defendants deny liability and that Plaintiffs are entitled to any relief.  Defendants intend to seek attorneys' fees for their defense of this frivolous lawsuit.

## SETTLEMENT AND ADR

*Plaintiffs' Position*

Plaintiffs are amenable to pursuing ADR provided Defendants do not continue to take the position that Plaintiffs' Funds are not really stolen.

*Defendants' Position*

Defendants believe settlement discussions and a mandatory settlement conference would be premature at this time and in the near future but will work cooperatively with Plaintiffs to determine the appropriate timeframe for conducting ADR.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Plaintiffs' Position*

Plaintiffs consent to proceed before a magistrate judge.

*Defendants' Position*

Defendants declined to proceed before a magistrate judge on August 27, 2021.  Defendants continue not to consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## OTHER REFERENCES

The parties do not believe this is the type of case suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## NARROWING OF ISSUES

The parties are committed to working cooperatively during the initial stages of this litigation and will continue to keep an ongoing dialogue to narrow issues as this litigation continues.

## EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that should be handled on an expedited basis pursuant to Expedited Trial Procedure of General Order No. 64.

**SCHEDULING**

The parties propose the following schedule:

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Service of Rule 26 Initial Disclosures | In accordance with the Rules of Procedure | 10 days after the resolution of motion to dismiss and any future motion to dismiss based on amended pleadings, if any<br><br>In the alternative, 10 days after Case Management Conference |
| Opening of discovery | Immediately | After the resolution of motion to dismiss and any future motion to dismiss based on amended pleadings, if any |
| Deadline for Plaintiffs to amend pleadings or join additional parties | 90 days after opening of discovery | 30 days after opening of discovery |
| Close of fact discovery | Agreed | 180 days after opening of discovery |
| Service of any affirmative experts reports by all parties | Agreed | 30 days after close of fact discovery |
| Service of any rebuttal expert reports by all parties | Agreed | 30 days after service of opening reports |
| Close of discovery | Agreed | 30 days after service of any rebuttal expert reports |
| Dispositive motion deadline | Agreed | 4 weeks after close of discovery |
| Opposition to dispositive motion deadline | Agreed | 4 weeks after dispositive motion deadline |
| Reply in support of dispositive motion deadline | Agreed | 4 weeks after deadline for oppositions to dispositive motions deadline |

| Event | Plaintiff's Proposal | Defendants' Proposal |
|-------|---------------------|---------------------|
| Trial Setting Conference | Agreed | First available hearing date 10 days after the Court's decision on dispositive motions |
| Final Pretrial Conference | Agreed | TBD at trial setting conference |
| Trial Date | Agreed | TDB at trial setting conference |

## TRIAL

Plaintiffs have requested a jury trial in this matter. Defendants intend to move to strike this jury demand at the appropriate time.  The parties believe it is premature to estimate a trial length prior to adjudication of summary judgment issues.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants have filed their respective Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15.  Other than BEI Hotel and Davidson Hospitality Group, the following entities may have an interest in the outcome of the proceeding:

Com Howard I, LLC

## PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## OTHER

The parties have no other matters to bring before the Court at this time.


Dated: June 9, 2022

MCDERMOTT WILL & EMERY LLP

By:   /s/ Chris Nemeth

CHRIS NEMETH
Attorneys for Defendants

BEI HOTEL & DAVIDSON
HOSPITALITY GROUP

K&L LAW GROUP, P.C.

By:  */s/ Marc Lazo*
     MARC Y. LAZO

Attorneys for Plaintiffs
BENNY WONG, STEVEN BUI, MARK
WOOD, ANA HENRY, LIVIA TSO,
ARJUMAN QADRI, YOLANDA GARCIA,
SANDRA REYES, EDITHA YABUT,
JEROME ECAL, JACOB GREATHOUSE,
NATASHA BOGARD LAUPATI, DEEPAK
MALI, RAICHEL JESI LOOTHAIYA

## SIGNATURE ATTESTATION

I, Marc Lazo am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from Allison Egan and Chris Nemeth, counsel for Defendants, as indicated by a conformed signature (/s/) within this e-filed document.

/s/ Marc Lazo
MARC Y. LAZO