UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WONG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BEI HOTEL, et al.,<br><br>    Defendants. | Case No. 21-cv-06271-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Docket No. 32 |

## I.    OVERVIEW

Sixteen individual employee-plaintiffs bring this action against Defendants BEI Hotel and Davidson Hospitality Group, claiming embezzlement, negligence, negligent misrepresentation, intentional misrepresentation, breach of fiduciary duty, violation of California Labor Code §§ 227, 227.5, violation of California Business and Professions Code § 17200, conversion, and constructive trust. The claims arise out of Defendants' alleged failure to contribute pension funds into the employee-plaintiffs' ERISA-regulated pension accounts. On April 25, 2022 Defendants filed a motion to dismiss Plaintiffs' first amended complaint. Docket No. 32.

Having considered the parties' briefs and the arguments presented at the hearing, the Court **GRANTS** Defendants' motion to dismiss and defers ruling on the Plaintiffs' request for leave to amend until after the parties have engaged in mediation.

## II.    BACKGROUND

The plaintiffs are sixteen employees of BEI Hotel and Davidson Hospitality Group, the entity that manages the hotel. Docket No. 31 ("FAC") ¶¶ 17, 32. Davidson Hospitality Group took ownership of the hotel in 2018. *Id*. ¶ 30. Before the acquisition, and for the relevant period

following the acquisition, the individual plaintiffs have been members of the union known as Teamsters Local Union No. 856. *Id.* ¶ 31.

Plaintiffs allege in their first amended complaint that BEI Hotel and Davidson Hospitality Group were "obligated to contribute to the Individual Plaintiffs' Western Conference of Teamsters Pension Trust Fund" ("pension fund"). *Id.* ¶ 32. Specifically, Plaintiffs allege that the collective-bargaining agreement between BEI Hotel and the individual plaintiffs obligated Defendants to contribute $426.39 per month to each employee who had worked 160 hours or more during said month. *Id.* ¶ 33. "Upon contributing to the Pension Fund, Defendants [were] to distribute the Individual Plaintiffs' pension payments into their individual 956 pension account[.]" Plaintiffs admit in their first amended complaint that the pension fund is an employee benefit plan as defined by ERISA. *Id.* ¶ 47.

Since Davidson Hospitality Group acquired the hotel in 2018, " no further contributions by the Defendants have been directed into the Individual Plaintiffs' Pension Accounts as required under the union membership and CBA." *Id.* ¶ 37. The first amended complaint alleges that "Defendants continue to enjoy the benefit of receiving the payments from the Pension Fund, without distributing and transferring such payments to the Individual Plaintiffs' Pension Account." *Id.* ¶ 39. Plaintiffs allege that the individual plaintiffs have repeatedly inquired about the status of their accounts, but Defendants have not provided Plaintiffs with an answer or resolution. *Id.* ¶ 38.

### III. LEGAL STANDARD

A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as

true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

B. <u>ERISA Preemption</u>

When Congress enacted ERISA, it was primarily concerned with the mismanagement of funds accumulated to finance employee benefit plans. *Golden Gate Rest. Ass'n v. City & Cnty. of S.F.*, 546 F.3d 639, 647 (9th Cir. 2008). To address this problem, ERISA established extensive reporting, disclosure, and fiduciary duty requirements. *Id*. In order to achieve its full purpose of protecting employees, Congress adopted ERISA with the intent that the federal government would have the sole power to regulate the field of employee benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 99 (1983).

There are two types of ERISA preemption: 1) express preemption under ERISA's preemption clause, ERISA § 514(a), and 2) preemption due to a conflict with ERISA's exclusive remedial scheme set out in ERISA § 502(a). *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009). Both types of ERISA preemption defeat state-law causes of action on the merits. *Fossen v. Blue Cross & Blue Shield of Mont.*, 660 F.3d 1102, 1107 (9th Cir. 2011).

ERISA's express preemption provision, codified at 29 U.S.C. § 1144(a), states the following:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

As shown in the statutory language, interpretation of the express preemption provision

3

turns on whether state laws "relate to" an employee benefit plan. ERISA § 514(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). The Supreme Court has repeatedly emphasized, however, that the express preemption provision is not limited to state laws intentionally designed to affect employee benefit plans. *Shaw*, 463 U.S. at 98. For example, state common law tort and contract actions asserting improper processing of a claim for benefits "undoubtedly meet the criteria for pre-emption under § 514(a)." *Pilot Life Ins. Co.*, 481 U.S. at 48. As a result, the test is ultimately whether a state law or common law *claim* "relates to" an employee benefit plan governed by ERISA. *See Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004).

Courts have repeatedly held that state law claims *"relate to"* an employee benefit plan when it has a "connection with" or "reference to" such a plan. *Shaw*, 463 U.S. at 97. A state law claim "references to" an ERISA benefit plan if 1) the law acts immediately and exclusively upon ERISA plans, or 2) the existence of an ERISA plan is essential to the law's operation. *Golden Gate Rest. Ass'n*, 546 F.3d at 657. Stated another way, state law claims "reference to" an ERISA plan and are therefore preempted when they are "premised on the existence of an ERISA plan, and [] the existence of the plan is essential to the claim's survival." *Providence Health Plan*, 385 F.3d at 1172.

In addition to preemption through ERISA's express preemption provision, state claims are also preempted when they conflict with ERISA's exclusive remedial scheme set forth in ERISA § 502(a). *Paulsen*, 559 F.3d at 1081. As part of this remedial scheme, ERISA § 502(a)(1)(B) empowers plan participants "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B). State law causes of action are preempted by ERISA § 502(a) if, 1) an individual could have brought their claims under ERISA § 502(a), and 2) there is no other independent legal duty implicated by defendant's actions. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009).

## IV. DISCUSSION

Here, Plaintiffs' nine state law claims are completely preempted by ERISA's express

4

preemption provision. Plaintiffs' allegations center on Defendants' failure to contribute funds to the individual plaintiffs' pension accounts and Defendants' failure, as overseers of the ERISA plan, to distribute funds to the employees. All nine of the state-law claims "relate to" the ERISA pension plan because the claims "reference to" the ERISA pension plan directly. *See Providence Health Plan*, 385 F.3d at 1172 (holding that a claim references to an ERISA plan when the claim is premised on the existence of an ERISA plan, and the existence of the plan is essential to the claim's survival). The failure to contribute to an ERISA plan and the improper processing of a claim for benefits are preempted. *See Pilot Life Ins. Co.*, 481 U.S. at 48. Moreover, there would be no causes of action if there was no ERISA pension plan. *See Ingersoll-Rand Co.*, 498 U.S. at 140 (holding that a former employees' state tort and contract claims were preempted because the essence of the claims was that his employer fired him to avoid paying his ERISA pension fund, and there would be no causes of action if there was no ERISA pension fund). Therefore, as was acknowledged by Plaintiffs' counsel during the hearing, the first amended complaint is completely preempted by ERISA's express preemption provision.

During the hearing, Plaintiffs' counsel presented new allegations, claiming that the third-party, multi-employer pension fund transferred the pension contributions to the employer rather than the employees directly, and the employer is refusing to distribute these contributions to the employees. These allegations differ substantially from the first amended complaint which centrally focused on Defendants' failure to contribute to the employees' pension fund. FAC ¶¶ 32, 33, 35, 37, 40, 60, 62. 68, 79, 87. While the first amended complaint makes a few vague references to Defendants' failure to distribute payments to the individual plaintiffs' pension accounts, Plaintiffs contend the nature of the wrongdoing here is not improper processing of benefits, but taking the benefits already issued from employees.

Plaintiffs' counsel stated that if they are given the opportunity to amend their complaint to reflect this modified version of their claims, they can avoid ERISA's preemption provision. The Court is skeptical. While the Court is unable to rule on claims which have not been pled, it is worth noting that even if Plaintiffs were able somehow to amend their complaint such that their claims do not have a "connection with" or "reference to" the ERISA pension plan, allowing them

5

to avoid ERISA's express preemption provision, they would still need to contend with conflict preemption under ERISA. Plaintiffs' claims may be preempted under conflict preemption if Plaintiffs could bring their claims under ERISA, and if there is no other independent legal duty implicated by defendant's actions. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009).

Lastly, the Court notes that the first amended complaint's discussion of the collective-bargaining agreement may raise an additional preemption issue for Plaintiffs, as § 301 of the Labor Management Relations Act preempts state law claims when resolution of the claims depends on the meaning of a collective-bargaining agreement. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405-406 (1988).

## V. CONCLUSION

Given that Plaintiffs' first amended complaint is completely preempted by ERISA's express preemption provision, the Court **GRANTS** Defendants' motion to dismiss. The Court defers ruling on leave to amend until the parties have completed their obligation to engage in mediation. The Court urges the parties to settle because even if Plaintiffs current claims are preempted, Plaintiffs may well assert conventional ERISA claims against Defendants.

This order disposes of Docket No. 32.

**IT IS SO ORDERED**.

Dated: July 7, 2022

_____
EDWARD M. CHEN
United States District Judge